DEPARTMENT OF THE CORPORATION COUNSEL

VICTORIA J. TAKAYESU          5481
Corporation Counsel
THOMAS KOLBE                  7679
Deputy Corporation Counsel
County of Maui
200 S. High Street
Wailuku, Hawaiʻi 96793
Telephone: (808) 270-7741
Facsimile: (808) 270-7152
Email: victoria.takayesu-hamilton@co.maui.hi.us;
        thomas.kolbe@co.maui.hi.us

McCORRISTON MILLER MUKAI MacKINNON LLP

DAVID J. MINKIN               3639-0
JORDAN K. INAFUKU            10392-0
SARA M. HAYDEN               11127-0
KAMRIE J. KOI                11528-0
Five Waterfront Plaza, 4th Floor
500 Ala Moana Boulevard
Honolulu, Hawaiʻi 96813
Telephone:(808) 529-7300
Facsimile: (808) 524-8293
Email:  djminkin@m4law.com; jinafuku@m4law.com;
        smh@m4law.com; kjk@m4law.com

Attorneys for Defendant/Cross-Claimant
COUNTY OF MAUI

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| YEN KO, an individual,<br><br>Plaintiff,<br><br>vs. | CV 23-00546 JAO-BMK<br><br>**DEFENDANT/CROSS-CLAIMANT COUNTY OF MAUI'S ANSWER TO COMPLAINT, FILED** |
|---|---|

483647.1

MAUI ELECTRIC COMPANY,
LIMITED; HAWAIIAN ELECTRIC
COMPANY, INC.; HAWAII ELECTRIC
LIGHT COMPANY, INC.; HAWAIIAN
ELECTRIC INDUSTRIES,
INC.; COUNTY OF MAUI; STATE OF
HAWAI‘I; DOES 1-10; DOE
PARTNERSHIPS 1-10; DOE
CORPORATIONS 1-10; DOE
GOVERNMENTAL AGENCIES 1-10;
DOE ENTITIES 1-10 and DOE
ASSOCIATIONS 1-10,

          Defendants.

---

COUNTY OF MAUI,

          Defendant/Cross-Claimant,

    v.

HAWAIIAN ELECTRIC INDUSTRIES,
INC.; HAWAIIAN ELECTRIC
COMPANY, INC.; HAWAII ELECTRIC
LIGHT COMPANY, INC.; MAUI
ELECTRIC COMPANY, LIMITED;
AND ROES 1-50,

          Cross-Defendants.

**NOVEMBER 14, 2023 [DKT. 1];
CROSS-CLAIM AGAINST
HAWAIIAN ELECTRIC
INDUSTRIES, INC.; HAWAIIAN
ELECTRIC COMPANY, INC.;
HAWAII ELECTRIC LIGHT
COMPANY, INC.; MAUI
ELECTRIC COMPANY, LIMITED;
AND ROES 1-50; CERTIFICATE
OF SERVICE**

Trial:  None Set
Judge:  Hon. Jill A. Otake
        Hon. Barry M. Kurren

## DEFENDANT/CROSS-CLAIMANT COUNTY OF MAUI'S ANSWER TO COMPLAINT, FILED NOVEMBER 14, 2023 [DKT. 1]

Defendant/Cross-Claimant COUNTY OF MAUI ("*County*"), through its

counsel, McCorriston Miller Mukai MacKinnon LLP, hereby respectfully submits

its Answer to the Complaint, filed by Plaintiff YEN KO, an individual,

("***Plaintiff***") on November 14, 2023 [Dkt. 1] in the Circuit Court of the Second

Circuit, State of Hawaiʻi ("***Complaint***"), and removed to the United States District

Court for the District of Hawaii on December 5, 2023, as follows:

## COMPLAINT

### *PARTIES*

1.      In response to Paragraph 1 of the Complaint, the County states that

there are no factual allegations to which the County are required to respond.  The

County denies any remaining allegations, including those calling for legal

conclusions.

2.      In response to Paragraph 2 of the Complaint, the County continues its

investigation and is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained therein and therefore denies the same.

3.      In response to Paragraph 3 of the Complaint, the County continues its

investigation and is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained therein and therefore denies the same.

4.      In response to Paragraph 4 of the Complaint, the County continues its

investigation and is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained therein and therefore denies the same.

483647.1

5.      In response to Paragraph 5 of the Complaint, the County continues its investigation and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

6.      In response to Paragraph 6 of the Complaint, the County continues its investigation and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

7.      In response to Paragraph 7 of the Complaint, the County states that the referenced collective Utility Defendants (as that term is used in the Complaint) speaks for itself.  To the extent that the allegations within Paragraph 7 are inconsistent with the Complaint, said allegations are denied on that basis.

8.      In response to Paragraph 8 of the Complaint, the County admits the allegations contained therein.

9.      In response to Paragraph 9 of the Complaint, the County continues its investigation and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

10.      In response to Paragraph 10 of the Complaint, the County states that the referenced collective Public Entity Defendants (as that term is used in the Complaint) speaks for itself.  To the extent that the allegations within Paragraph 10 are inconsistent with the Complaint, said allegations are denied on that basis.

483647.1

11.    In response to Paragraph 11 of the Complaint, the County is without

knowledge or information sufficient to form a belief as to the truth of the

allegations contained therein and therefore denies the same, including those calling

for legal conclusions.

12.    In response to Paragraph 12 of the Complaint, the County states that

the allegations call for a legal conclusion for which no answer is required and, as

such, the County denies these allegations.  The County is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations

contained therein and therefore denies the same.

### *JURISDICTION AND VENUE*

13.    In response to Paragraph 13 of the Complaint, the County states that

the allegations call for a legal conclusion for which no answer is required and, as

such, the County denies these allegations.

### *FACTS*

14.    In response to Paragraph 14 of the Complaint, the County admits that

a fire occurred in Lahaina on August 8, 2023.  The County states that the

referenced attached images speak for themselves.  To the extent that the allegations

within Paragraph 14 are inconsistent with the attached images, said allegations are

denied on that basis.

483647.1

*Multiple warnings before the fire*

15.    In response to Paragraph 15 of the Complaint, the County states that the referenced National Weather Service warning speaks for itself.  To the extent that the allegations within Paragraph 15 are inconsistent with the National Weather Service warning, said allegations are denied on that basis.  The County denies the allegations contained therein related to the County, including those calling for legal conclusions.  The County admits the allegations contained therein related to the Utility Defendants.  The County is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies the same, including those calling for legal conclusions.

16.    In response to Paragraph 16 of the Complaint, the County denies the allegations contained therein related to the County, including those calling for legal conclusions.  The County admits the allegations contained therein related to the Utility Defendants.  The County is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies the same, including those calling for legal conclusions.

17.    In response to Paragraph 17 and subparts (a) through (c) of the Complaint, the County admits that hurricanes can endanger Hawaiʻi.  The County states the allegations in Paragraph 17 of the Complaint may be vague and ambiguous as to the term "impacted" but states that, since 2000, hurricanes or their

remnants have impacted Hawai'i.  The County further states that the referenced 2014 Wildfire Mitigation Plan and 2020 Maui County Hazard Mitigation Plan Update speak for themselves.  To the extent that the allegations within Paragraph 17 are inconsistent with the 2014 Wildfire Mitigation Plan and 2020 Maui County Hazard Mitigation Plan Update, said allegations are denied on that basis.  The County denies the allegations contained therein related to the County, including those calling for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies the same, including those calling for legal conclusions.

18.    In response to Paragraph 18 of the Complaint, the County states that the referenced advisory by the National Weather Service in Honolulu speaks for itself.  To the extent that the allegations within Paragraph 18 are inconsistent with the advisory by the National Weather Service in Honolulu, said allegations are denied on that basis.

19.    In response to Paragraph 19 of the Complaint, the County states that the referenced advisory by the National Weather Service speaks for itself.  To the extent that the allegations within Paragraph 19 are inconsistent with the advisory by the National Weather Service, said allegations are denied on that basis.

20.     In response to Paragraph 20 of the Complaint, the County states that the referenced warning by the National Weather Service speaks for itself.  To the extent that the allegations within Paragraph 20 are inconsistent with the warning by the National Weather Service, said allegations are denied on that basis.

21.     In response to Paragraph 21 of the Complaint, the County states that the referenced warnings by the National Weather Service speak for themselves.  To the extent that the allegations within Paragraph 21 are inconsistent with the warnings by the National Weather Service, said allegations are denied on that basis.

22.     In response to Paragraph 22 of the Complaint, the County states that the referenced warnings by the National Weather Service speak for themselves.  To the extent that the allegations within Paragraph 22 are inconsistent with the warnings by the National Weather Service, said allegations are denied on that basis.  The County further states it received the warnings from the National Weather Service.  The County admits the allegations contained therein related to the Utility Defendants.  The County is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies the same, including those calling for legal conclusions.

*The Utility Defendants*

23.     In response to Paragraph 23 of the Complaint, the County admits the allegations contained therein.

24.     In response to Paragraph 24 of the Complaint, the County admits the allegations contained therein.

25.     In response to Paragraph 25 of the Complaint, the County admits the allegations contained therein.

26.     In response to Paragraph 26 of the Complaint, the County states on information and belief that the fire ignition was reported around 6:37 a.m. on August 8, 2023.  The County continues its investigation and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies the same.

27.     In response to Paragraph 27 of the Complaint, the County states the fire was declared to be fully contained.  The County continues its investigation and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies the same.

28.     In response to Paragraph 28 of the Complaint, the County continues its investigation and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

483647.1

29.     In response to Paragraph 29 of the Complaint, the County continues its investigation and is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

30.     In response to Paragraph 30 of the Complaint, the County states that the referenced Google Earth map and attached image speak for themselves.  To the extent that the allegations within Paragraph 30 are inconsistent with the Google Earth map and attached image, said allegations are denied on that basis.  The County denies the allegations contained therein related to the County, including those calling for legal conclusions.  The County continues its investigation and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies the same.

31.     In response to Paragraph 31 of the Complaint, the County admits the allegations contained therein.

32.     In response to Paragraph 32 of the Complaint, the County admits the allegations contained therein.

33.     In response to Paragraph 33 of the Complaint, the County admits that the Utility Defendants failed to take steps to meet its duties of care.  The County states that the referenced report by Hawaii News Now and attached images speak for themselves.  To the extent that the allegations within Paragraph 33 are

inconsistent with the report by Hawaii News Now and attached images, said allegations are denied on that basis.

34.   In response to Paragraph 34 of the Complaint, the County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

35.   In response to Paragraph 35 of the Complaint, including Exhibit A, the County states that the referenced 2019 Press Release and Wildfire Mitigation Plans speak for themselves.  To the extent that the allegations within Paragraph 35, including Exhibit A, are inconsistent with the 2019 Press Release and the Wildfire Mitigation Plans, said allegations are denied on that basis.

36.   In response to Paragraph 36 of the Complaint, the County admits that the Utility Defendants never created a PSPS plan and that Jennifer Potter was a member of the Hawaiʻi Public Utilities Commission.  The County states that the referenced Washington Post article and statement by Ms. Potter speak for themselves.  To the extent that the allegations within Paragraph 36 are inconsistent with the Washington Post article and statement by Ms. Potter, said allegations are denied on that basis.  The County denies the remaining allegations contained therein, including those calling for legal conclusions.

37.   In response to Paragraph 37 of the Complaint, the County states that the referenced Washington Post article speaks for itself.  To the extent that the

allegations within Paragraph 37 are inconsistent with the Washington Post article, said allegations are denied on that basis.

38.    In response to Paragraph 38 of the Complaint, the County states that the referenced statements by Michael Wara speak for themselves.  To the extent that the allegations within Paragraph 38 are inconsistent with the statements by Michael Wara, said allegations are denied on that basis.

39.    In response to Paragraph 39 of the Complaint, the County states that the Utility Defendants could have mitigated the risk of deadly wildfires by de-energizing their power lines.

40.    In response to Paragraph 40 of the Complaint, the County states that the referenced statement by the Mayor of Maui speaks for itself.  To the extent that the allegations within Paragraph 40 are inconsistent with the statement by the Mayor of Maui, said allegations are denied on that basis.

41.    In response to Paragraph 41 of the Complaint, the County admits the allegations contained therein.

***The Public Entity Defendants***

42.    In response to Paragraph 42 of the Complaint, the County denies the allegations contained therein related to the County, including those calling for legal conclusions.  The County states that the referenced statutes speak for themselves.

483647.1

To the extent that the allegations within Paragraph 42 are inconsistent with the referenced statutes, said allegations are denied on that basis.

43.     In response to Paragraph 43 of the Complaint, the County states that the allegations are vague and ambiguous as to the phrase "path of the fire."  The County continues its investigation and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies the same.  The County denies any remaining allegations, including those calling for legal conclusions.

44.     In response to Paragraph 44 of the Complaint, the County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.  Further, the County states that the allegations call for a legal conclusion for which no answer is required and, as such, the County denies the allegations.

45.     In response to Paragraph 45 of the Complaint, the County denies the allegations contained therein, including those calling for legal conclusions.

46.     In response to Paragraph 46 of the Complaint, the County denies the allegations contained therein related to the County, including those calling for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies the same, including those calling for legal conclusions.

- 13 -

## *DAMAGES*

47.     In response to Paragraph 47 of the Complaint, the County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same, including those calling for legal conclusions.

48.     In response to Paragraph 48 of the Complaint, the County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same, including those calling for legal conclusions.

49.     In response to Paragraph 49 of the Complaint, the County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same, including those calling for legal conclusions.

50.     In response to Paragraph 50 of the Complaint, the County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same, including those calling for legal conclusions.

483647.1

*CAUSES OF ACTION*

## FIRST CAUSE OF ACTION
## NEGLIGENCE AGAINST THE UTILITY DEFENDANTS

51.     The County hereby restates and incorporates all its responses to the allegations set forth in the preceding numbered paragraphs as if fully stated herein.

52.     In response to Paragraph 52 and subparts (a) through (j) of the Complaint, the County denies the allegations contained therein related to the County, including those calling for legal conclusions.  The County admits the allegations contained therein related to the Utility Defendants.  The County is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies the same, including those calling for legal conclusions.

53.     In response to Paragraph 53 of the Complaint, the County denies the allegations contained therein related to the County, including those calling for legal conclusions.  The County admits the allegations contained therein related to the Utility Defendants.  The County is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies the same, including those calling for legal conclusions.

54.     In response to Paragraph 54 of the Complaint, the County denies the allegations contained therein related to the County, including those calling for legal conclusions.  The County admits the allegations contained therein related to the

Utility Defendants.  The County is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies the same, including those calling for legal conclusions.

55.    In response to Paragraph 55 of the Complaint, the County denies the allegations contained therein related to the County, including those calling for legal conclusions.  The County admits the allegations contained therein related to the Utility Defendants.  The County is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies the same, including those calling for legal conclusions.

56.    In response to Paragraph 56 of the Complaint, the County denies the allegations contained therein related to the County, including those calling for legal conclusions.  The County admits the allegations contained therein related to the Utility Defendants.  The County is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies the same, including those calling for legal conclusions.

57.    In response to Paragraph 57 of the Complaint, the County denies the allegations contained therein related to the County, including those calling for legal conclusions.  The County admits the allegations contained therein related to the Utility Defendants.  The County is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained therein and

therefore denies the same, including those calling for legal conclusions.

**SECOND CAUSE OF ACTION**
**GROSS NEGLIGENCE AGAINST THE UTILITY DEFENDANTS**

58.    The County hereby restates and incorporates all its responses to the

allegations set forth in the preceding numbered paragraphs as if fully stated herein.

59.    In response to Paragraph 59 of the Complaint, the County admits the

allegations contained therein.

60.    In response to Paragraph 60 of the Complaint, the County admits the

allegations contained therein.

61.    In response to Paragraph 61 of the Complaint, the County admits the

allegations contained therein.

62.    In response to Paragraph 62 of the Complaint, the County admits the

allegations contained therein.

63.    In response to Paragraph 63 of the Complaint, the County admits the

allegations contained therein.

64.    In response to Paragraph 64 of the Complaint, the County admits the

allegations contained therein.

65.    In response to Paragraph 65 of the Complaint, the County admits the

allegations contained therein.

483647.1

66.     In response to Paragraph 66 of the Complaint, the County admits the allegations contained therein.

67.     In response to Paragraph 67 of the Complaint, the County admits the allegations contained therein.

68.     In response to Paragraph 68 of the Complaint, the County admits the allegations contained therein.

69.     In response to Paragraph 69 of the Complaint, the County admits the allegations contained therein.

70.     In response to Paragraph 70 of the Complaint, the County admits the allegations contained therein.

## THIRD CAUSE OF ACTION
## PRIVATE NUISANCE AGAINST THE UTILITY DEFENDANTS

71.     The County hereby restates and incorporates all its responses to the allegations set forth in the preceding numbered paragraphs as if fully stated herein.

72.     In response to Paragraph 72 of the Complaint, the County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same, including those calling for legal conclusions.

73.     In response to Paragraph 73 of the Complaint, the County admits the allegations contained therein.

74.    In response to Paragraph 74 of the Complaint, the County admits the allegations contained therein.

75.    In response to Paragraph 75 of the Complaint, the County admits the allegations contained therein.

76.    In response to Paragraph 76 of the Complaint, the County admits the allegations contained therein.

77.    In response to Paragraph 77 of the Complaint, the County admits the allegations contained therein.

78.    In response to Paragraph 78 of the Complaint, the County admits the allegations contained therein.

79.    In response to Paragraph 79 of the Complaint, the County admits the allegations contained therein.

80.    In response to Paragraph 80 of the Complaint, the County admits the allegations contained therein.

81.    In response to Paragraph 81 of the Complaint, the County admits the allegations contained therein.

82.    In response to Paragraph 82 of the Complaint, the County admits the allegations contained therein.

83.    In response to Paragraph 83 of the Complaint, the County admits the allegations contained therein.

84.     In response to Paragraph 84 of the Complaint, the County admits the allegations contained therein.

85.     In response to Paragraph 85 of the Complaint, the County admits the allegations contained therein.

86.     In response to Paragraph 86 of the Complaint, the County admits the allegations contained therein.

87.     In response to Paragraph 87 of the Complaint, the County admits the allegations contained therein.

88.     In response to Paragraph 88 of the Complaint, the County admits the allegations contained therein.

## FOURTH CAUSE OF ACTION
## INVERSE CONDEMNATION AGAINST THE UTILITY DEFENDANTS

89.     The County hereby restates and incorporates all its responses to the allegations set forth in the preceding numbered paragraphs as if fully stated herein.

90.     In response to Paragraph 90 of the Complaint, the County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same, including those calling for legal conclusions.

91.     In response to Paragraph 91 of the Complaint, the County states that the State of Hawai‘i Constitution speaks for itself.  To the extent the allegations in

483647.1

Paragraph 91 are inconsistent with the State of Hawai'i Constitution, said allegations are denied on that basis.

92.    In response to Paragraph 92 of the Complaint, the County admits the allegations contained therein.

93.    In response to Paragraph 93 of the Complaint, the County admits the allegations contained therein.

94.    In response to Paragraph 94 of the Complaint, the County states that the referenced statute speaks for itself.  To the extent that the allegations within Paragraph 94 are inconsistent with the referenced statute, said allegations are denied on that basis.  The County further states that the remaining allegations call for a legal conclusion for which no answer is required and, as such, the County denies the allegations.

95.    In response to Paragraph 95 of the Complaint, the County admits the allegations contained therein.

96.    In response to Paragraph 96 of the Complaint, the County admits the allegations contained therein.

97.    In response to Paragraph 97 of the Complaint, the County states that the allegations call for a legal conclusion for which no answer is required and, as such, the County denies the allegations.

483647.1

98.     In response to Paragraph 98 of the Complaint, the County states that the allegations call for a legal conclusion for which no answer is required and, as such, the County denies the allegations.

99.     In response to Paragraph 99 of the Complaint, the County states that the allegations call for a legal conclusion for which no answer is required and, as such, the County denies the allegations.

100.    In response to Paragraph 100 of the Complaint, the County states that the allegations call for a legal conclusion for which no answer is required and, as such, the County denies the allegations.

101.    In response to Paragraph 101 of the Complaint, the County states that the allegations call for a legal conclusion for which no answer is required and, as such, the County denies the allegations.

102.    In response to Paragraph 102 of the Complaint, the County states that the allegations call for a legal conclusion for which no answer is required and, as such, the County denies the allegations.

## FIFTH CAUSE OF ACTION
## ULTRAHAZARDOUS ACTIVITY AGAINST THE UTILITY DEFENDANTS

103.    The County hereby restates and incorporates all its responses to the allegations set forth in the preceding numbered paragraphs as if fully stated herein.

104.    In response to Paragraph 104 of the Complaint, the County admits the allegations contained therein.

105.    In response to Paragraph 105 of the Complaint, the County admits the allegations contained therein.

106.    In response to Paragraph 106 of the Complaint, the County admits the allegations contained therein.

107.    In response to Paragraph 107 of the Complaint, the County states that the allegations call for a legal conclusion for which no answer is required and, as such, the County denies the allegations.

108.    In response to Paragraph 108 of the Complaint, the County admits the allegations contained therein.

109.    In response to Paragraph 109 of the Complaint, the County admits the allegations contained therein.

110.    In response to Paragraph 110 of the Complaint, the County admits the allegations contained therein related to the Utility Defendants.  The County is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies the same.

111.    In response to Paragraph 111 of the Complaint, the County admits the allegations contained therein.

112.   In response to Paragraph 112 of the Complaint, the County admits the allegations contained therein.

113.   In response to Paragraph 113 of the Complaint, the County admits the allegations contained therein.

114.   In response to Paragraph 114 of the Complaint, the County admits the allegations contained therein.

## SIXTH CAUSE OF ACTION
## GENERAL NEGLIGENCE AGAINST THE PUBLIC ENTITY DEFENDANTS

115.   The County hereby restates and incorporates all its responses to the allegations set forth in the preceding numbered paragraphs as if fully stated herein.

116.   In response to Paragraph 116 of the Complaint, the County denies the allegations contained therein related to the County, including those calling for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained.

117.   In response to Paragraph 117 and subparts (a) through (c) of the Complaint, the County denies the allegations contained therein related to the County, including those calling for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained.

- 24 -

118.   In response to Paragraph 118 of the Complaint, the County denies the allegations contained therein related to the County, including those calling for legal conclusions.  The County admits the allegations contained therein related to the Utility Defendants.  The County is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies the same, including those calling for legal conclusions.

**SEVENTH CAUSE OF ACTION**
**INVERSE CONDEMNATION AGAINST THE PUBLIC ENTITY**
**DEFENDANTS**

119.   The County hereby restates and incorporates all its responses to the allegations set forth in the preceding numbered paragraphs as if fully stated herein.

120.   In response to Paragraph 120 of the Complaint, the County denies the allegations contained therein related to the County, including those calling for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained, including those calling for legal conclusions.

121.   In response to Paragraph 121 of the Complaint, the County denies the allegations contained therein related to the County, including those calling for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained, including those calling for legal conclusions.

483647.1

122.   In response to Paragraph 122 of the Complaint, the County denies the allegations contained therein related to the County, including those calling for legal conclusions.  The County is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained, including those calling for legal conclusions.

### EIGHTH CAUSE OF ACTION
### PUBLIC NUISANCE AGAINST ALL DEFENDANTS

123.   The County hereby restates and incorporates all its responses to the allegations set forth in the preceding numbered paragraphs as if fully stated herein.

124.   In response to Paragraph 124 of the Complaint, the County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same, including those calling for legal conclusions.

125.   In response to Paragraph 125 of the Complaint, the County denies the allegations contained therein related to the County, including those calling for legal conclusions.  The County admits the allegations contained therein related to the Utility Defendants.  The County is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies the same, including those calling for legal conclusions.

126.   In response to Paragraph 126 of the Complaint, the County denies the allegations contained therein related to the County, including those calling for legal

483647.1

conclusions.  The County admits the allegations contained therein related to the Utility Defendants.  The County is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies the same, including those calling for legal conclusions.

127.   In response to Paragraph 127 and subparts (a) through (c) of the Complaint, the County denies the allegations contained therein related to the County, including those calling for legal conclusions.  The County admits the allegations contained therein related to the Utility Defendants.  The County is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies the same, including those calling for legal conclusions.

128.   In response to Paragraph 128 of the Complaint, the County states that the allegations call for a legal conclusion for which no answer is required and, as such, the County denies the allegations.  The County admits the allegations contained therein related to the Utility Defendants.  The County is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies the same, including those calling for legal conclusions.

129.   In response to Paragraph 129 of the Complaint, the County denies the allegations contained therein related to the County, including those calling for legal

conclusions.  The County admits the allegations contained therein related to the Utility Defendants.  The County is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies the same, including those calling for legal conclusions.

**NINTH CAUSE OF ACTION**
**TRESPASS AS TO ALL DEFENDANTS**

130.   The County hereby restates and incorporates all its responses to the allegations set forth in the preceding numbered paragraphs as if fully stated herein.

131.   In response to Paragraph 131 of the Complaint, the County is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same, including those calling for legal conclusions.

132.   In response to Paragraph 132 of the Complaint, the County denies the allegations contained therein related to the County, including those calling for legal conclusions.  The County admits the allegations contained therein related to the Utility Defendants.  The County is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies the same, including those calling for legal conclusions.

133.   In response to Paragraph 133 of the Complaint, the County denies the allegations contained therein related to the County, including those calling for legal conclusions.  The County admits the allegations contained therein related to the

Utility Defendants.  The County is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and therefore denies the same, including those calling for legal conclusions.

134.   The County denies the allegations contained in the "WHEREFORE" clause following Paragraph 133 of the Complaint.  Further answering, the County denies that Plaintiff is entitled to any relief sought.

135.   The County denies all allegations, statements, or comments set forth in headings or any unnumbered paragraphs or any exhibits of the Complaint.

136.   Each and every other allegation not heretofore specifically answered is denied.

## **AFFIRMATIVE DEFENSES**

1.     The Complaint, and each purported claim alleged therein, fails to state a claim against the County upon which relief can be granted.

2.     The County alleges that Plaintiff lacks standing to prosecute the purported claims set forth in the Complaint.

3.     Plaintiff's injuries or damages, if any, were caused in whole or in part, or were contributed to by other negligence or fault.

4.     Plaintiff's recovery, if any, should be reduced, by reason that other acts or omissions, not of the County, caused and/or contributed to the damages and/or injuries, if any, alleged in the Complaint.

5.     Failure to mitigate, if any.

6.     The County owes no duty to Plaintiff.

7.     The County did not breach any duty to Plaintiff.

8.     The County alleges that the damages alleged to have been suffered by the Plaintiff in the Complaint were proximately caused or contributed to by acts or failures to act of persons other than this answering Defendant, which acts or failures to act constitute an intervening and superseding cause of the damages alleged in the Complaint.

9.     Plaintiff is barred from maintaining this action against the County based upon the doctrine of laches, waiver, estoppel, and/or unclean hands.

10.    Plaintiff's claims are barred by the Hawai'i Emergency Management Act, Hawai'i Revised Statutes section 127A-9.[1]

11.    Plaintiff's claims are barred because of failure to comply with Hawai'i Revised Statutes section 46-72 and Maui County Charter section 13-6 and/or barred by the Statute of Limitations.

---

[1] *See Dyniewicz v. Hawai'i County*, 6 Haw.App. 582 (1987). The County – including all its officials, officers, and employees – is immune from any liability arising from actions taken in response to an emergency or disaster situation. Such immunity should be broadly construed as to the County's emergency response because a state of emergency imposes severe time constraints, forcing decisions to be made quickly. In situations in which the County must take steps necessary to quell an emergency, it must be able to act with speed and confidence, unhampered by fear of tort liability.

483647.1

12.     Pursuant to Rule 8 of the Federal Rules of Civil Procedure, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of the County's Answer, and, therefore, the County gives notice that it intends to rely upon any other matter constituting an avoidance or affirmative defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure, and that it intends to allege those defenses of which it may become aware during the course of discovery or trial of this action.

13.     The County has insufficient knowledge or information regarding the existence of additional defenses, and, therefore, reserves its right to assert additional defenses if they are discovered and confirmed.

WHEREFORE, the County prays for relief as follows:

A.     That the Complaint be dismissed with prejudice and that the County be awarded costs incurred in this action, including where applicable under the law, reasonable attorneys' fees; and

B.     That the Court grant such other relief as the Court deems just and proper.

483647.1

DATED: Honolulu, Hawaiʻi, December 29, 2023.

/s/ *David J. Minkin*
VICTORIA J. TAKAYESU
THOMAS KOLBE
DAVID J. MINKIN
JORDAN K. INAFUKU
SARA M. HAYDEN
KAMRIE J. KOI

Attorneys for Defendant/Cross-Claimant
COUNTY OF MAUI

483647.1